**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HARRY MICHAEL SCHMITT,**

        **Plaintiff,**

-vs-                              Case No. 6:07-cv-1650-Orl-31GJK

**DEPARTMENT OF NAVY,**

        **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 12) filed by the Defendant, the Department of the Navy ("DON"), and the response (Doc. 16) filed by the Plaintiff, Harry Michael Schmitt ("Schmitt"), who is representing himself *pro se*.

**I.    Background**

Schmitt's complaint in this case consists of a two-page Department of Health and Human Services "Health Information Privacy Complaint" form. (Doc. 1). Typed into the appropriate boxes on the form are Schmitt's contentions that, on August 13, 2002, his "health information privacy rights" were violated by the commanding officer of the Naval Ordinance Test Unit ("NOTU") in Cape Canaveral. (Doc. 1 at 1). In the section where he is asked to briefly describe how and why he believes that his health information privacy rights were violated, Schmitt responded:

> Commanding Officer, NOTU, coerced Ms. Ann B. Jones, NOTU's Ethics Officer, into violating my medical privacy by providing the Department of the Navy's Central Adjudication Facility investigator a false statement that she came to me asking about Dr. Cathy P. Milam; and that, I became upset over her inquiry. Ms. Ann B. Jones

> statement to the ... investigator is false. The Commanding Officer of NOTU committed this medical privacy violation against me in retaliation for my turning in my supervisor's Mr. Lloyd P. Diehl's, pornographic E-Mails into Ms. Ann B. Jones, NOTU's Ethics Officer, as directed by the Strategic Systems Programs' Ethics Officer, Ms. Elizabeth Fischmann. Please refer to the attached pages for the details.

(Doc. 1 at 2). The only document attached to the Complaint is a one-page, September 2006 letter from the DON to the Plaintiff, discussing procedural matters and revealing nothing about the events underlying this suit.

**II.     Standard**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed.R.Civ.P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting

all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

### III.     Analysis

Among other shortcomings, the Complaint violates Local Rules 1.05(a) and (b) in that it is single spaced and lacks a caption. Moreover, so far as the Court can tell, the Plaintiff's allegations, even taken as true, do not describe a violation of any legal rights. In short, the Plaintiff accuses a NOTU of making a false statement that she came to see him and that he became upset. Without more, the making of such a false statement would not constitute a legal wrong.

The DON asserts the existence of numerous other shortcomings, including the following:

- The form utilized by the Plaintiff as his Complaint is used to report violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), but HIPAA does not apply to federal agencies such as the DON.

- The Privacy Act of 1974 does apply to disclosure of medical information for someone employed by a federal agency such as the DON, but the Plaintiff has failed to assert a violation of that act.

- Given that the Complaint specifies, on its face, that the harm occurred in August 2002, any claim the Plaintiff might have under the Privacy Act is barred by that act's two-year statute of limitations.

- This dispute is, at its heart, a challenge to the revocation of the Plaintiff's security clearance, and federal courts lack jurisdiction to review the revocation of a civilian employee's security clearance by Defense Department agencies.[1]

In his reply, Schmitt does not respond to the DON's contentions. Instead, he reiterates his statement in the Complaint and complains of sexual harassment, retaliation, a failure to make reasonable accommodation, and a number of other issues that have nothing to do with the issues raised in the motion to dismiss.

As detailed above, a number of grounds exist for dismissing the instant complaint under Rule 12(b)(6). But given Schmitt's failure to contradict the Navy's assertion that this case is, at bottom, an effort to review the revocation of his security clearance – a matter over which the

---

[1] *See Hill v. White*, 321 F.3d 1334 (11th Cir. 2003) (holding that decisions regarding issuance or nonissuance of security clearances are solely within purview of executive branch).

Federal Courts lack jurisdiction – the Court is compelled to dismiss the case on Rule 12(b)(1) grounds.  In consideration of the foregoing, it is hereby

**ORDERED** that this case is **DISMISSED** on the grounds that the Court lacks subject matter jurisdiction.  The Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 12, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party