# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HARRY MICHAEL SCHMITT,**

                **Plaintiff,**

**-vs-**                                              **Case No. 6:07-cv-1650-Orl-31GJK**

**DEPARTMENT OF NAVY,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 20)** |
| **FILED:** | **November 12, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND

      On October 16, 2007, Harry Michael Schmitt (the "Plaintiff") filed a two-page Department of Heath and Human Services "Health Privacy Complaint" form alleging that his "health information privacy rights" were violated by the commanding officer of the Naval Ordinance Test Unit ("NOTU") in Cape Canaveral. Doc. No. 1. At the time Plaintiff filed the complaint, he paid the filing fee. *Id*.

On December 31, 2007, the Department of Navy (the "Defendant") filed a Motion to Dismiss. Doc. No. 12. On February 12, 2008, the court entered an order dismissing the case for lack of subject matter jurisdiction. Doc. No. 17. Nearly ten months later, on October 27, 2008, Plaintiff filed a notice of appeal. Doc. No. 18. On November 12, 2008, Plaintiff filed the present Motion for Permission to Appeal In Forma Pauperis (the "Motion"). The Motion is presently before the Court.

## II.   APPLICABLE LAW

### A.   Subject Matter Jurisdiction

Pursuant to Rule 4(a)(1)(B), Rules of Appellate Procedure, a notice of appeal from an order or judgment where the United States or an agency thereof is a party must be filed within sixty (60) days. *Odukoya v. Reese*, 181 Fed.Appx. 917 (11th Cir. 2006); *Stack v. Mason & Associates*, 245 Fed.Appx. 920, 923 n. 3 (11th Cir. 2007). If a notice of appeal is untimely filed, the district court lacks jurisdiction to enter an order granting leave to appeal *in forma pauperis*. *McDaniel v. Wainwright*, 404 F.2d 352 (5th Cir. 1968).[1]

### B.   Applications for Leave to Appeal In Forma Pauperis

Section 1915 of 28 U.S.C. and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed *in forma pauperis*. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979). Section 1915 (a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit prior to October 1, 1981.

who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

         \*   \*   \*

(3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis added). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 (e) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>  (A) the allegation of poverty is untrue; or
>  (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).

Rule 24(a) of the Rules of Appellate Procedure provides:

**(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
 **(A)** shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
 **(B)** claims an entitlement to redress; and
 **(C)** states the issues that the party intends to present on appeal.

**(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a

statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

**(3) Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action, or was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> **(A)** the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> **(B)** a statute provides otherwise.

**(4) Notice of District Court's Denial.** The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
> **(A)** denies a motion to proceed on appeal in forma pauperis;
> **(B)** certifies that the appeal is not taken in good faith; or
> **(C)** finds that the party is not otherwise entitled to proceed in forma pauperis.

**(5) Motion in the Court of Appeals.** A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. R. App. P. 24 (a) (2002). An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of Section 1915 must be judged by an objective, not a subjective, standard. *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by

presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

## II.  APPLICATION

Pursuant to Rule 4(a)(1)(B), Rules of Appellate Procedure, Plaintiff's notice of appeal should have been filed within sixty (60) days after the Court's order dismissing the case for lack of subject matter jurisdiction. Because Plaintiff's notice of appeal was filed nearly ten months after the order dismissing the case, the Court no longer has jurisdiction to enter an order regarding Plaintiff's Motion. *McDaniel*, 404 F.2d 352.

However, even if the Court had jurisdiction, the undersigned would recommend that the Motion be denied. In the Motion, Plaintiff affirms the following assets: (1) monthly income of $1,675.00; (2) a residence valued at $241,000.00; (3) other real estate valued at $8,500.00; (4) a beneficiary IRA account valued at $70,000.00; and (5) two vehicles of unknown value. Doc. No. 20. Plaintiff state his monthly liabilities are $2,646.00. *Id*. The undersigned finds Plaintiff allegations of poverty are untrue under 28 U.S.C. 1915(e)(A) and Plaintiff has sufficient assets to pay the filing fee.

Plaintiff states the issues on appeal are "non-payment of my OPM's GEHA, Inc., medical, dental and vision claims." Doc. No. 20 at 1. However, the original complaint dealt with issues

regarding a purported violation of Plaintiff's medical privacy rights.  *See* Doc. No. 1.  Furthermore, because it appears Plaintiff cannot establish points on appeal that are reasonably arguable or an issue that has merit, the undersigned finds that the appeal is not taken in good faith.  *See Farley*, 354 U.S. 521 (1957); *Hayes*, 258 F.2d 400 (5th Cir. 1958); *Durham*, 130 F. Supp. 445 (D.C. 1955); *Sejeck*, 113 F. Supp. 281 (D.C. N.J. 1953).

For the above stated reasons, the undersigned recommends that the Court enter an order denying the Motion for lack of subject matter jurisdiction or, alternatively, deny the motion because the allegations of poverty are untrue and the appeal is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 17, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy